**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FREDDIE WILLIAMS GRANT JR. BEY, | |
| Plaintiff, | No. 22 C 4598 |
| v. | Judge Thomas M. Durkin |
| PEPSICO BEVERAGES, PEPSI BOTTLING CO., AND PEPSICO, INC., | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Freddie Williams Grant Jr. Bey ("Grant") brings this *pro se* action alleging discrimination and retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA") against Defendants PepsiCo Beverages, Pepsi Bottling Co., and PepsiCo, Inc. (collectively, "PepsiCo"). PepsiCo moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). R. 16. For the following reasons, PepsiCo's motion is granted.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed

1

factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). Moreover, because he is a *pro se* litigant, Grant's pleadings are to be construed liberally. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in Grant's favor. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

**Background**

Grant began his employment with PepsiCo around October 2018. R. 10 at 7. During his employment, he suffered a workplace injury for which he requested a reasonable accommodation. *Id.* PepsiCo refused to allow him light work duty while injured and denied him workers' compensation and short-term disability. *Id.* at 5, 7. Grant was allegedly harassed and retaliated against for reporting his complaints to human resources. *Id.* at 5. PepsiCo then terminated his employment on February 7, 2021. *Id.* at 7.

Grant brought this suit on August 29, 2022, alleging that PepsiCo violated the ADA by firing him because of his disability, failing to hire him, failing to reasonably

accommodate his disability, failing to stop harassment against him, and retaliating against him for asserting his rights protected under the ADA. *Id*. at 4. PepsiCo filed the present motion to dismiss, arguing that Grant's claims are untimely.

Grant alleges that he filed two charges of discrimination, one with the Equal Employment Opportunity Commission ("EEOC") on January 12, 2022 and one with the Illinois Department of Human Rights ("IDHR") on February 7, 2021. *Id*. at 2. In his response to PepsiCo's motion to dismiss, he asserts he filed a charge with the EEOC sometime in January 2021. R. 19 at 2. The only charge of discrimination attached to his complaint is an EEOC charge dated May 17, 2022.[1] R. 10 at 7. Grant further alleges he received a Notice of Right to Sue from the EEOC on June 6, 2022 but does not attach the notice to his complaint. *Id*. at 3.

## Analysis

Before filing an ADA claim, a plaintiff must file a charge with the EEOC within 300 days of the alleged discriminatory act. *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004); *Duignan v. City of Chicago*, 275 F. Supp. 3d 933, 937 (N.D. Ill. 2017). As previously stated, Grant alleges three different filing dates for the charge. However, the EEOC charge attached to his complaint is dated May 17, 2022. "When an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss." *Bogie v.*

---

[1] The EEOC charge attached to the complaint references the IDHR. R. 10 at 7. In his response to the present motion, Grant seems to clarify that he filed a single charge with the EEOC that references the IDHR in the header. R. 19 at 2.

*Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (citation omitted). Thus, the Court considers May 17, 2022 as the date he filed the EEOC charge.

Grant asserts that PepsiCo discriminated against him from November 30, 2019 through his termination on February 7, 2021. R. 10 at 2. Because even the latest date of alleged discrimination is well outside of the required 300-day period, Grant's ADA claims are untimely. *See Duignan*, 275 F. Supp. 3d at 937 (dismissing ADA claim as untimely where pleadings indicated that the plaintiff did not file an EEOC charge within 300 days of the alleged adverse employment action); *see also Smith v. Nachusa Lutheran Home*, No. 95 C 50030, 1995 WL 390046, at *2 (N.D. Ill. June 30, 1995) (dismissing ADA claim as untimely where the EEOC charge attached to the complaint was dated beyond the 300-day period).

Grant argues that any delay in filing his charge should be excused because his termination was the subject of a union grievance proceeding in August 2021, and he never received a final decision. R. 19 at 1; R. 10 at 23. But the pendency of a grievance procedure does not toll the running of the limitations period. *Del. State Coll. v. Ricks,* 449 U.S. 250, 261 (1980). Rather, the operative date that starts a limitations period is the date of the allegedly discriminatory employment decision. *Williamson v. Ind. Univ.*, 345 F.3d 459, 463 (7th Cir. 2003) (citing *Ricks*, 449 U.S. at 261); *Spaulding v. Blue Cross-Blue Shield of Ill.*, No. 99 C 5810, 1999 WL 968510, at *2 (N.D. Ill. Oct. 15, 1999) (union grievance which remained pending for several months did not toll the 300-day period for filing an EEOC charge). Grant alleges the date of his

4

termination, and the last date of the alleged discrimination, was February 7, 2021. Grant did not file an EEOC charge until 464 days later.

Grant also does not allege any basis for equitable estoppel or tolling. He does not claim that PepsiCo interfered with his ability to pursue his EEOC charge. *Williamson*, 345 F.3d at 463. He also does not assert that, on the date of his termination, a reasonable person in his shoes would not have been aware that he may *possibly* have a claim. *Palmer v. Ind. Univ.*, 31 F.4th 583, 589 (7th Cir. 2022) (citing *Beamon v. Marshall & Ilsley Tr. Co.*, 411 F.3d 854, 860 (7th Cir. 2005)). Indeed, the emails attached to his complaint show that Grant had been complaining internally about alleged discriminatory conduct in the lead up to his termination. Therefore, Grant's claims are time-barred.

## Conclusion

For these reasons, the Court grants PepsiCo's motion to dismiss. This dismissal is without prejudice to Grant seeking leave to amend. No later than twenty-one (21) days from the entry of this Opinion and Order, Grant may file a proposed amended complaint showing all changes in redline and a memorandum explaining how the changes cure the deficiencies identified herein.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: March 23, 2023